THE PEOPLE, ex rel. LEMON THOMSON, VS. THE BOARD OF SUPERVISORS OF THE COUNTY OF WARREN.

An alternative mandamus will not be allowed, to require the board of supervisors to audit and allow a county superintendent of common schools, for his time in attending a state convention of county superintendents, or county convention of town superintendents and teachers of common schools. It is a question where the board of supervisors have full jurisdiction.

*This was a motion by the relator for a mandamus to the board of supervisors of Warren county, on the following facts.*—It appears the relator, Thomson, was appointed by said board of supervisors, superintendent of common schools in and for said county of Warren, on the 16th November, 1843. At the regular meeting of the board in November last, Thomson presented his account for services as such superintendent rendered during the year previous. In the account were the two following items, to wit : " Twelve days occupied in going to, attending, and returning from the state convention of county superintendents of common schools, holden at the city of Rochester in the month of May last, at $2 per day, $24·00 ; two days in attending a county convention of town superintendents and teachers of common schools, holden at Warrensburgh in the county of Warren, in the month of October last, at $2 per day, $4·00." The board of supervisors rejected the two charges, amounting to $28, as illegal, und refused to audit and allow the same. Thomson states that his actual disbursements were over $25; and on rejection by the board of said accounts, he immediately wrote to the superintendent of common schools, S. Young, Esq., in relation to them, who returned an answer that he was clearly of opinion that the charges should be allowed by the board of supervisors : they were duties recommended

and approved by the official instructions of the department ; and in attendance upon these conventions, he was engaged in the strict performance of the duties prescribed by law.   At an adjourned meeting of the board, held in December last, Thomson presented the letter from the superintendent, and renewed his claim ; which was again rejected and disallowed by the board.

M. T. REYNOLDS, *Counsel.*                H. R. WING, *Relators Atty.*

BEARDSLEY, Justice.—Thought this court should not interfere; it was a question of which the board of supervisors had full jurisdiction.

Motion denied.